# NICOLL *v.* HOEY.

PATENTS; INTERFERENCE; ABANDONMENT; BURDEN OF PROOF; RIGHT TO MAKE CLAIMS.

1. Abandonment of his invention or estoppel from making his claims, on the part of one of the parties to an interference, cannot be successfully urged against him, where it appears that, although he withdrew an appeal from an adverse decision on his application, he took the steps necessary to keep his application alive, and that he did all that was required of him by statute and the rules of the office; especially where it does not appear that the other party knew at the time he filed his application what his adversary was doing or had failed to do.

2. In an interference proceeding involving the right of the senior party to make the claims of the issue, the burden is upon the junior party to establish his claims (following *Hunter* v. *Stikeman*, 13 App. D. C. 214, and *Smith* v. *Smith*, 31 App. D. C. 518); and where there are concurrent decisions of the Patent Office tribunals sustaining the senior party's right to make such claims, the burden is heavily upon the junior party to establish error. (Following *Lautenschlager* v. *Glass*, 47 App. D. C. 443.)

3. Concurring decisions of the Patent Office tribunals were affirmed which sustained the senior party's right to make the claims of the issue in an interference proceeding involving the invention of a tufted mattress, with a central imperforate strain sheet attached around its entire edge to the edge strips, and ties extending transversely through the box and through the filling, attached to the top and bottom tickings so that the upper and lower surfaces of the mattress are tufted, where it appeared that his original claim called for a centrally mounted, horizontal, nonstretchable, flexible parti-

tion, attached to the side and end coverings of the mattress, and tuftings at suitable intervals to tie the mattress together vertically.

No. 1189. Patent Appeals.    Submitted November 18, 1918.    Decided December 2, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. Theodore K. Bryant, Mr. James T. Barkelew* and *Mr. C. A. Mason* for the appellant.

*Mr. Harry F. Riley* and *Mr. Geo. C. Shoemaker* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding. The three tribunals of the office concurred in the judgment awarding priority of invention to John Hoey. Charles J. Nicoll contends that Hoey has no right to make the counts of the interference, which are:

"1. A mattress or the like, comprising a flat box of fabric having spaced top and bottom tickings and edge strips attached between the tickings, a filling for the box, ties extending transversely through the box and through the filling attached to the top and bottom tickings, so that the upper and lower surfaces of the mattress are tufted, and a central imperforate strain sheet parallel to and midway between the two tickings attached around its entire edge to the edge strips dividing the mattress into two completely separated compartments substantially as described.

"2. A mattress or the like, comprising a flat box having parallel top and bottom fabric tickings and fabric edge strips, a filling of resilient material for the box, an imperforate fabric strain sheet midway between the two tickings attached around

its entire edge to the edge strips dividing the mattress into two completely separated compartments, and ties extending transversely through the mattress from ticking to ticking, so that the upper and lower surfaces of the mattress are tufted, the arrangement being such that the strain sheet is flat and held within the filling and held by the ties passing through it, substantially as described."

Nicoll asserts that Hoey, the senior party, abandoned his invention by the withdrawal of an appeal from an adverse decision of the Patent Office and by failure to prosecute his application after his claims had been rejected. It clearly appears that, subsequent to the decisions against him, Hoey took the necessary steps to keep his application alive, and that before he had an opportunity to file amended claims the counts of this interference were suggested by the office.

In the brief of appellant something is said to the effect that Hoey is estopped from making the claims, by reason of his failure to push forward his application with diligence. He did all that was required of him by the statute and the rules of the office. This is enough. Besides it does not appear that appellant knew at the time he filed his application what Hoey was doing or had failed to do. He cannot say, therefore, that he relied upon Hoey's conduct to his injury.

It is also urged by appellant that Hoey's invention does not answer the description given in the issue counts, because, as stated, it does not disclose (1) "a central imperforate strain sheet * * * attached around its entire edge to the edge strips," (2) or show, as required by count 1, "ties extending transversely through the box and through the filling attached to the top and bottom tickings so that the upper and lower surfaces of the mattress are tufted." Hoey's original claim calls for "a centrally mounted, horizontal, nonstretchable, flexible partition stitched to the side and end coverings of the mattress." This meets the first objection. It also requires "tuftings at suitable intervals to tie the mattress together vertically." Speaking with respect to the words last quoted, the law examiner said: "The mattress could not be tied together unless the

tufting threads passed through the entire mattress, including the top and bottom tickings." And then he added: "It is thought that the parts quoted [above] from one of the original claims clearly enough supports the language of the interference counts." We concur in this. To one skilled in the art of upholstering, the word "tufted" has a well-understood meaning. It is defined by the New Standard Dictionary thus: "To fasten at regular intervals with tufts or buttons drawn down firmly upon the outer covering by a thread passing entirely through the material in order to prevent filling or lining from changing positions, as to tuft a mattress."

Hoey, being the senior party, the burden of overthrowing his claims rests on Nicoll. *Hunter* v. *Stikeman,* 13 App. D. C. 214; *Smith* v. *Smith,* 31 App. D. C. 518. As the three tribunals of the Patent Office concurred in sustaining Hoey's right to make the claims and in awarding priority to him, the burden is heavily upon the appellant to establish error. *Lautenschlager* v. *Glass,* 47 App. D. C. 443.

A careful examination of the record satisfies us that the Patent Office was right, and therefore its decision awarding priority of invention to Hoey is affirmed.          *Affirmed.*